JOHN W. ALLEN & CO. v. D. FUGET.—D. D. DOUGLAS & CO. v. SAME.—G. W. CHASE & SON v. SAME.

1. MORTGAGE, *for Larger Sum than was Lent—Fraud—Explanation.* The giving of a mortgage for a larger amount than was loaned thereon, and with a view of covering future loans up to the amount of the mortgage, is not conclusive of fraud, but is open to explanation as to the good or bad faith of the parties to the transaction.

2. FINDINGS, *Sustained.* The findings of the court that the charges of fraud upon which attachments were obtained are untrue, and the orders dissolving the attachments in the present cases, held to be sustained by sufficient evidence.

*Error from Marshall District Court.*

THE opinion states the facts. Plaintiffs in error bring here for review the action of the court below at the December term, 1887, in dissolving certain attachments.

*W. J. Gregg,* and *Geo. C. Brownell,* for plaintiffs in error.
*Calderhead & Patterson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Three actions were begun in the district court of Marshall county against D. Fuget—one by John W. Allen & Co., another by D. D. Douglas & Co., and still another by G. W. Chase & Son. In each an order of attachment was obtained, it being alleged that the defendant had sold, conveyed, and otherwise disposed of his property with the intent to cheat and defraud his creditors, and to hinder and delay them in the collection of their debts, and was about to dispose of his property with the same fraudulent intent. A motion was made by the defendant in each case to dissolve the attachment, and one of the reasons for the dissolution was that the facts stated in the affidavit as grounds for attachment are not true. A hearing was had upon these motions upon the testimony submitted in the case of John W. Allen & Co., when the attachments were dissolved. Exceptions were taken to these rulings, and they are now assigned for error here.

The three cases are submitted upon the same argument and record, and will be disposed of by a single opinion.

There was considerable testimony offered concerning the conduct of the defendant and the good faith and honesty of his business transactions, upon which the court found in his favor, and we are only to inquire whether the testimony is sufficient to sustain those findings. It appears from the evidence that Fuget was a physician and druggist, who practiced his profession and carried on a drug business at Vermillion. The drug business was being carried on in a business-like way, and no sales made except in the usual course of trade. The stock had not been allowed to run down, but was kept up to the standard of a country drug store. The goods were worth about $1,000, and while the amount of the defendant's indebtedness is not clearly shown, one witness put it at from $500 to $600. The business was small, but considering that it was a country drug store and only a small stock was carried, it was said to be fairly profitable. His practice as a physician was reasonably remunerative. He was, however, unable to meet the claims of the plaintiffs when they became due, but at the time of the attachments was endeavoring to collect and obtain money with which to pay his indebtedness. The attachments were levied in his absence, during which time he visited St. Joseph, and paid a liability of about $100.

The main ground urged to support the attachments is, that he had given a mortgage upon this stock to his brother for $500, whereas the actual indebtedness was only $350. It appears that this mortgage was given long before he became indebted to the plaintiffs, and also that it had been filed in the office of the register of deeds. He wanted to borrow $500 to put in his business, and asked his brother in Pennsylvania to loan him that amount, or if he did not have it to borrow it for him. To obtain the money he executed a note for $500 and a mortgage upon his stock to secure its payment. His brother declined to borrow the money for him, but loaned him several sums from time to time until they amounted to $350, and would probably have loaned the balance to him in

43—42 KAS.

time, or as soon as he could spare the amount. At the end of a year the mortgage was renewed as though the full amount was due. This note and mortgage were permitted to remain in the hands of the defendant for a time, and when the creditors threatened to attach his property he warned his brother of his trouble, and asked him to forward his claim and to protect himself. The fact that the mortgage was given for a larger amount than had actually been borrowed from the brother is not conclusive of fraud, but is open to explanation as to whether it was taken or given with any fraudulent intention on the part of the mortgagor or mortgagee. It could not have deceived the creditors in the present case, for it had been executed nearly a year before the plaintiff's debts were contracted, and had been made a matter of record. There was no concealment of facts by the defendant, no misrepresentation at the time the goods were purchased, and even at the time the attachments were levied the defendant was negotiating a loan on his home for the payment of his debts.

It is unnecessary to go into a detailed statement of the evidence offered, as we cannot re-try the facts and determine on which side the preponderance of the evidence is. It was mostly oral testimony, and we think it abundantly sustains the findings of the court in favor of the good faith and absence of fraud on the part of the defendant.

The judgments of the district court in the three cases will be affirmed.

All the Justices concurring.